ELECTRONICALLY FILED
12/2/2022 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 22-2-07389-31

1

2

3

4

5

6

7

8    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

9    **IN AND FOR THE COUNTY OF SNOHOMISH**

10

11   NICOLE POLLITT, individually, and on          **Case No.**      22-2-07389-31
     behalf of all others similarly situated,

12                                                  **SUMMONS**
                          Plaintiff,

13   vs.

14   RECEIVABLES PERFORMANCE
     MANAGEMENT, LLC, and DOES 1

15   through 100 inclusive,

16                          Defendant.

17

18   TO:   **RECEIVABLES PERFORMANCE MANAGEMENT, LLC**

19         Registered Agent: RECEIVABLES PERFORMANCE MANAGEMENT

20         20818 44TH AVE W, SUITE 140

         LYNNWOOD, WA, 98036-7709

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-
Summons

1    A lawsuit has been started against you in the above-entitled court by Plaintiff Nicole Pollitt.
2    Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this
3    Summons.

4    You must respond to this summons and complaint by serving a copy of your written
5    response on the person signing this summons and by filing the original with the clerk of the court.
6    If you do not serve your written response within 20 days (or 60 days if you are served outside of
7    the state of Washington) after the date this summons was served on you, exclusive of the day of
8    service, the court may enter an order of default against you, and the court may, without further
9    notice to you, enter a decree and approve or provide for the relief requested in the petition.
10   If you serve a notice of appearance on the undersigned person, you are entitled to notice
11   before an order of default or a decree may be entered against you without notice. A default
12   judgment is one where plaintiff is entitled to what has been asked for because you have not
13   responded.  If you serve a notice of appearance on the undersigned person, you are entitled
14   to notice before a default judgment may be entered.

15   If you wish to seek the advice of an attorney in this matter, you should do so
16   promptly so that your written response, if any, may be served on time.

17   **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of
18   the State.

19

20   **DATED** this 1st day of December 2022.

21

22

23   Mark J. Hilliard, Esq., WSBA # 47138
24   Brothers Smith LLP
     2033 N. Main Street, Suite 720
     Walnut Creek, CA 94596

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-
Summons

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YOU MAY SERVE YOUR RESPONSE ON:

Snohomish County Superior Court Clerk
3000 Rockefeller Ave, M/S 605
Everett, WA 98201

YOU MAY SERVE YOUR RESPONSE ON:

Mark J. Hilliard, Esq., WSBA # 47138
Brothers Smith LLP
2033 N. Main Street, Suite 720
Walnut Creek, CA 94596

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

ELECTRONICALLY FILED
12/2/2022 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 22-2-07389-31

1

2

3

4

5

6    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

7    **IN AND FOR THE COUNTY OF SNOHOMISH**

8

9    NICOLE POLLITT, individually, and on          **Case No.**      22-2-07389-31
     behalf of all others similarly situated,

10                                                  **CLASS ACTION**
                          Plaintiff,

11   vs.                                            **COMPLAINT FOR DAMAGES,**
                                                    **INJUNCTIVE AND EQUITABLE RELIEF**
12   RECEIVABLES PERFORMANCE                        **FOR:**
     MANAGEMENT, LLC., and DOES 1
13   through 100 inclusive,                         **1. NEGLIGENCE;**
                                                    **2. BREACH OF IMPLIED CONTRACT;**
14                        Defendant.                **3. CONSUMER PROTECTION ACT;**

15                                                  **[JURY TRIAL DEMANDED]**

16

17   Representative Plaintiff alleges as follows:

18

19                        **INTRODUCTION**

20        1.      Representative Plaintiff Nicole Pollitt ("Representative Plaintiff") brings this class

21   action against Defendant Receivables Performance Management, LLC ("RPM" or "Defendant")

22   for its failure to properly secure and safeguard Class Members' personally identifiable information

23   stored within Defendant's information network, including, without limitation, names, addresses,

24   account numbers, credit scores, and Social Security numbers (these types of information, *inter*

25   *alia*, being thereafter referred to as "personally identifiable information" or "PII").[1]

26   ───────────────
     [1]  Personally identifiable information ("PII") generally incorporates information that can be
27   used to   distinguish or trace an individual's identity, either alone or when combined with other
     personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information
28   that on its face expressly identifies an individual. PII also is generally defined to include certain
     identifiers  that do not on its face name an individual, but that are considered to be particularly

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

2.     With this action, Representative Plaintiff seeks to hold Defendant responsible for the harm it caused and will continue to cause Representative Plaintiff and other similarly situated persons in the preventable cyberattack purportedly discovered by Defendant on October 2, 2022, by which cybercriminals infiltrated Defendant's inadequately protected network servers and accessed highly sensitive PII and financial information (the "Data Breach").

3.     Representative Plaintiff further seeks to hold Defendant responsible for not ensuring that the PII was maintained in a manner consistent with industry and other relevant standards.

4.     While Defendant claims to have discovered the breach as early as October 2, 2022, Defendant did not begin informing victims of the Data Breach until late November 2022 and failed to inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiff and Class Members were wholly unaware of the Data Breach until they received letters from Defendant informing them of it. The notice received by Representative Plaintiff was dated on November 27, 2022.

5.     Defendant acquired, collected, and stored Representative Plaintiff's and Class Members' PII and/or financial information. Therefore, at all relevant times, Defendant knew, or should have known, that Representative Plaintiff and Class Members would use Defendant's services to store and/or share sensitive data, including highly confidential PII.

6.     By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff's and Class Members' PII, Defendant assumed legal and equitable duties to those individuals. These duties arise from state and federal statutes and regulations as well as common law principles.

7.     Defendant disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and

sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   failing to follow applicable, required and appropriate protocols, policies and procedures regarding
2   the encryption of data, even for internal use. As a result, the PII of Representative Plaintiff and
3   Class Members was compromised through disclosure to an unknown and unauthorized third
4   party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding
5   Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class
6   Members have a continuing interest in ensuring that their information is and remains safe, and they
7   are entitled to injunctive and other equitable relief.

8

9                                    **JURISDICTION AND VENUE**

10           8.      This Court has jurisdiction over Representative Plaintiff's and Class Members'
11   claims for damages and injunctive relief pursuant to, *inter alia*, Washington's Consumer
12   Protection Act (RCW 19.86.010, *et seq.*) and other Washington state statues.

13           9.      Venue as to Defendant is proper in this judicial district pursuant to RCW 4.12.025.
14   Defendant resides in, is headquartered in, operates in, and employs numerous individuals within
15   this County and transacts business, has agents, and is otherwise within this Court's jurisdiction for
16   purposes of service of process. The unlawful acts alleged herein have had a direct effect on
17   Representative Plaintiff and those similarly situated within the State of Washington and within this
18   County.

19

20                                           **PLAINTIFF**

21           10.     Representative Plaintiff is an adult individual and a victim of the Data Breach.

22           11.     Defendant received highly sensitive personal and financial information from
23   Representative Plaintiff and Class Members in connection its provision accounts receivable
24   management services. As a result, Representative Plaintiff's information was among the data
25   accessed by an unauthorized third-party in the Data Breach.

26           12.     Representative Plaintiff is and was a consumer.

27           13.     At all times herein relevant, Representative Plaintiff is and was members of each
28   of the Classes.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    failing to follow applicable, required and appropriate protocols, policies and procedures regarding
2    the encryption of data, even for internal use. As a result, the PII of Representative Plaintiff and
3    Class Members was compromised through disclosure to an unknown and unauthorized third
4    party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding
5    Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class
6    Members have a continuing interest in ensuring that their information is and remains safe, and they
7    are entitled to injunctive and other equitable relief.

9                                    **JURISDICTION AND VENUE**

10         8.      This Court has jurisdiction over Representative Plaintiff's and Class Members'
11   claims for damages and injunctive relief pursuant to, *inter alia*, Washington's Consumer
12   Protection Act (RCW 19.86.010, *et seq.*) and other Washington state statues.

13         9.      Venue as to Defendant is proper in this judicial district pursuant to RCW 4.12.025.
14   Defendant resides in, is headquartered in, operates in, and employs numerous individuals within
15   this County and transacts business, has agents, and is otherwise within this Court's jurisdiction for
16   purposes of service of process. The unlawful acts alleged herein have had a direct effect on
17   Representative Plaintiff and those similarly situated within the State of Washington and within this
18   County.

20                                          **PLAINTIFF**

21         10.     Representative Plaintiff is an adult individual and a victim of the Data Breach.

22         11.     Defendant received highly sensitive personal and financial information from
23   Representative Plaintiff and Class Members in connection its provision accounts receivable
24   management services. As a result, Representative Plaintiff's information was among the data
25   accessed by an unauthorized third-party in the Data Breach.

26         12.     Representative Plaintiff is and was a consumer.

27         13.     At all times herein relevant, Representative Plaintiff is and was members of each
28   of the Classes.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

14.     As required in order to obtain services from Defendant, Representative Plaintiff provided Defendant with highly sensitive personal and financial information.

15.     Representative Plaintiff's PII was exposed in the Data Breach because Defendant stored and/or shared Representative Plaintiff's PII and financial information. Her PII and financial information was within the possession and control of Defendant at the time of the Data Breach.

16.     Representative Plaintiff received a letter from Defendant, dated on or about November 27, 2022, stating that her PII and/or financial information was involved in the Data Breach (the "Notice").

17.     As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

18.     Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of her PII—a form of intangible property that she entrusted to Defendant, which was compromised in and as a result of the Data Breach.

19.     Representative Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using, and selling her PII and/or financial information.

20.     Representative Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her PII and financial information, in combination with her name, being placed in the hands of unauthorized third-parties/criminals.

21.     Representative Plaintiff has a continuing interest in ensuring that her PII and financial information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**DEFENDANT**

22.     Defendant RPM "is a national leader in accounts receivable management" with a principal place of business at 20818 44th Ave W, Suite 240, Lynnwood, Washington, 98036.[2]

23.     Representative Plaintiff is informed and believes, and based thereon, alleges that, at all times herein relevant, Defendant (including the Doe defendants) did business within the State of Washington providing accounts receivable management services.

24.     Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants.

25.     Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously named defendants were responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the damages, as herein alleged, were proximately caused thereby.

26.     Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, these defendants were the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, were acting within the course and scope of such agency and/or employment.

**CLASS ACTION ALLEGATIONS**

27.     Representative Plaintiff brings this action individually and on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[2]   http://www.receivablesperformance.com/about-us (last accessed December 1, 2022).

1

2

"All individuals whose PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach referenced in RPM's notice dated November 27, 2022."

3

4

5

6

7

8

9

28.     Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state, or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

10

11

29.     Also, in the alternative, Representative Plaintiff requests additional Subclasses as necessary based on the types of PII that were compromised.

12

13

30.     Representative Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

14

15

16

31.     This action has been brought and may properly be maintained as a class action under Washington Civil Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

17

18

19

20

a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is in the thousands of individuals. Membership in the Class will be determined by analysis of Defendant's records.

21

22

23

24

b.      Commonality: Representative Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

24

25

1)   Whether Defendant engaged in the wrongful conduct alleged herein;

26

27

2)   Whether Defendant had a legal duty to Representative Plaintiff and Class Members to exercise due care in collecting, storing, using, and/or safeguarding their PII and financial information;

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

3) Whether Defendant knew or should have known of the susceptibility of Defendant's data security systems to a data breach;

4) Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

5) Whether Defendant's failure to implement adequate data security measures, including the sharing of Representative Plaintiff's and Class Members' PII and financial information allowed the Data Breach to occur and/or worsened its effects;

6) Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

7) Whether Defendant adequately, promptly, and accurately informed Representative Plaintiff and Class Members that their PII and financial information had been compromised;

8) How and when Defendant actually learned of the Data Breach;

9) Whether Defendant failed to adequately respond to the Data Breach, including failing to investigate it diligently and notify affected individuals in the most expedient time possible and without unreasonable delay, and whether this caused damages to Representative Plaintiff and Class Members;

10) Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of these systems, resulting in the loss of the PII and financial information of Representative Plaintiff and Class Members;

11) Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

12) Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the Data Breach and/or damages flowing therefrom;

13) Whether Defendant's actions alleged herein constitute gross negligence and whether the negligence/recklessness of any one or more individual(s) can be imputed to Defendant;

14) Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII and financial information of Representative Plaintiff and Class Members;

15) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective, and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct and, if so, what is necessary to redress the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

imminent and currently ongoing harm faced by Representative Plaintiff, Class Members, and the general public;

16) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct;

17) Whether Defendant continue to breach duties to Representative Plaintiff and Class Members.

c.  Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein. The same event and conduct that gave rise to Representative Plaintiff's claims are identical to those that give rise to the claims of every Class Member because Representative Plaintiff and each Class Member who had his/her sensitive PII and/or financial information compromised in the same way by the same conduct of Defendant. Representative Plaintiff and all Class Members face the identical threats resulting from the breach of his/her PII and/or financial information without the protection of encryption and adequate monitoring of user behavior and activity necessary to identity those threats.

d.  Adequacy of Representation: Representative Plaintiff is an adequate representative of the Plaintiff Class in that Representative Plaintiff has the same interest in the litigation of this case as the remaining Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the class in its entirety. Representative Plaintiff anticipates no management difficulties in this litigation. Representative Plaintiff and proposed class counsel will fairly and adequately protect the interests of all Class Members.

Superiority of Class Action: The damages suffered by individual Class Members, are significant, but may be small relative to the enormous expense of individual litigation by each member. This makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Even if Class Members could afford such individual litigation, the court system could not. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device

<div style="text-align: right">

presents far fewer management difficulties and provides benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

</div>

32.     Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

33.     This class action is also appropriate for certification because Defendant has acted and/or has refused to act on grounds generally applicable to the Class(es), thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class Members and making final injunctive relief appropriate with respect to the Class(es) in their entireties. Defendant's policies/practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies/practices and conduct hinges on Defendant's conduct with respect to the Classes in their entireties, not on facts or law applicable only to Representative Plaintiff.

34.     Unless a Class-wide injunction is issued, Defendant's violations may continue, and Defendant may continue to act unlawfully as set forth in this Complaint.

## COMMON FACTUAL ALLEGATIONS

### The Cyberattack

35.     In the course of the Data Breach, one or more unauthorized third-parties accessed Class Members' sensitive data including, but not limited to, names, addresses, account numbers, credit scores, and Social Security numbers. Representative Plaintiff was among the individuals whose data was accessed in the Data Breach.

36.     Representative Plaintiff was provided the information detailed above upon her receipt of a letter from Defendant, dated on or about November 27, 2022. Representative Plaintiff was not aware of the Data Breach—or even that Defendant was in possession of her data until receiving that letter.

<div style="text-align: left; font-size: small">

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

</div>

1   **Defendant Failed Response to the Breach**

2       37.     Upon information and belief, the unauthorized third-party cybercriminals gained

3   access to Representative Plaintiff's and Class Members' PII and financial information with the

4   intent of engaging in misuse of the PII and financial information, including marketing and selling

5   Representative Plaintiff's and Class Members' PII.

6       38.     Not until roughly two months after they claim to have discovered the Data Breach

7   did Defendant begin sending the Notice to persons whose PII and/or financial information

8   Defendant confirmed was potentially compromised as a result of the Data Breach. The Notice

9   provided basic details of the Data Breach and Defendant's recommended next steps.

10      39.     The Notice included, *inter alia*, allegations that Defendant had learned of the Data

11  Breach on October 2, 2022 and had taken steps to respond, and yet, the Notice lacked sufficient

12  information as to how the breach occurred, what safeguards have been taken since then to

13  safeguard further attacks, where the information hacked may be today, etc.

14      40.     Upon information and belief, the unauthorized third-party cybercriminals gained

15  access to Representative Plaintiff's and Class Members' PII and financial information with the

16  intent of engaging in misuse of the PII and financial information, including marketing and selling

17  Representative Plaintiff's and Class Members' PII.

18      41.     Defendant has and continues to have obligations created by applicable federal and

19  state law as set forth herein, reasonable industry standards, common law, and its own assurances

20  and representations to keep Representative Plaintiff's and Class Members' PII confidential and to

21  protect such PII from unauthorized access.

22      42.     Defendant's collection of Representative Plaintiff's and the Class Members' PII

23  and financial information was predicated on the understanding that Defendant would keep that

24  information secure and private.

25      43.     Despite this, Representative Plaintiff and the Class Members remain, even today,

26  in the dark regarding what particular data was stolen, the particular malware used, and what steps

27  are being taken, if any, to secure their PII and financial information going forward. Representative

28  Plaintiff and Class Members are, thus, left to speculate as to where their PII ended up, who had

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    used it and for what potentially nefarious purposes. Indeed, they are left to further speculate as to

2    the full impact of the Data Breach and how exactly Defendant intends to enhance its information

3    security systems and monitoring capabilities so as to prevent further breaches.

4       44.    Representative Plaintiff's and Class Members' PII and financial information may

5    end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed

6    PII and financial information for targeted marketing without the approval of Representative

7    Plaintiff and/or Class Members. Either way, unauthorized individuals can now easily access the

8    PII and/or financial information of Representative Plaintiff and Class Members.

9

10   **Defendant Collected/Stored Class Members' PII and Financial Information**

11      45.    Representative Plaintiff and Class Members are clients/employees of RPM and/or

12   individuals from whom Defendant has been hired to collect.

13      46.    Defendant acquired, collected, and stored and assured reasonable security over

14   Representative Plaintiff's and Class Members' PII and financial information.

15      47.    By obtaining, collecting, and storing Representative Plaintiff's and Class Members'

16   PII and financial information, Defendant assumed legal and equitable duties and knew or should

17   have known that they were thereafter responsible for protecting Representative Plaintiff's and

18   Class Members' PII and financial information from unauthorized disclosure.

19      48.    Representative Plaintiff and Class Members have taken reasonable steps to

20   maintain the confidentiality of their PII and financial information. Representative Plaintiff and

21   Class Members relied on Defendant to keep their PII and financial information confidential and

22   securely maintained, to use this information for business purposes only, and to make only

23   authorized disclosures of this information.

24      49.    Defendant could have prevented the Data Breach, which began as early as April 8,

25   2021, by properly securing and encrypting and/or more securely encrypting its servers generally,

26   as well as Representative Plaintiff's and Class Members' PII and financial information.

27      50.    Defendant's negligence in safeguarding Representative Plaintiff's and Class

28   Members' PII and financial information is exacerbated by repeated warnings and alerts directed to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

51.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendant was and/or certainly should have been on notice and aware of such attacks occurring and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendant is a large, sophisticated operation with the resources to put adequate data security protocols in place.

52.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PII and financial information from being compromised.

**Defendant Had an Obligation to Protect the Stolen Information**

53.     Defendant's failure to adequately secure Representative Plaintiff's and Class Members' sensitive data breaches duties it owes Representative Plaintiff and Class Members under statutory and common law. Representative Plaintiff and Class Members surrendered their highly sensitive personal data to Defendant under the implied condition that Defendant would keep it private and secure. Accordingly, Defendant also had an implied duty to safeguard their data, independent of any statute.

54.     Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

55.     In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and financial information in Defendant's possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Defendant owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the PII and financial information of Representative Plaintiff and Class Members.

56.     Defendant owed a duty to Representative Plaintiff and Class Members to design, maintain, and test its computer systems, servers, and networks to ensure that the PII and financial information in its possession was adequately secured and protected.

57.     Defendant owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PII and financial information in its possession.

58.     Defendant owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach in its systems in a timely manner.

59.     Defendant owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

60.     Defendant owed a duty to Representative Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PII and/or financial information to Defendant.

61.     Defendant owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

62.     Defendant owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

**Value of the Relevant Sensitive Information**

63.     PII and financial information are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers, and other personal information on a number of underground internet websites.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

64.     The high value of PII and financial information to criminals is further evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[3] Experian reports that a stolen credit or debit card numbers can sell for $5 to $110 on the dark web.[4] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[5]

65.     These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

66.     The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

67.     Identity thieves can use PII and financial information, such as that of Representative Plaintiff and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government

---

[3]     *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 28, 2021).
[4]     *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).
[5]     *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).

1 | fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's

2 | name but with another's picture, using the victim's information to obtain government benefits, or

3 | filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

4 | 68. The ramifications of Defendant's failure to keep secure Representative Plaintiff's

5 | and Class Members' PII and financial information are long lasting and severe. Once PII and

6 | financial information is stolen, particularly identification numbers, fraudulent use of that

7 | information and damage to victims may continue for years. Indeed, the PII and/or financial

8 | information of Representative Plaintiff and Class Members was taken by hackers to engage in

9 | identity theft or to sell it to other criminals who will purchase the PII and/or financial information

10 | for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for

11 | years.

12 | 69. There may be a time lag between when harm occurs versus when it is discovered,

13 | and also between when PII and/or financial information is stolen and when it is used. According

14 | to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data

15 | breaches:

16 | [L]aw enforcement officials told us that in some cases, stolen data may be held for
up to a year or more before being used to commit identity theft. Further, once stolen
17 | data have been sold or posted on the Web, fraudulent use of that information may
continue for years. As a result, studies that attempt to measure the harm resulting
18 | from data breaches cannot necessarily rule out all future harm.[6]

19 | 70. When cybercriminals access financial information and other personally sensitive

20 | data—as they did here—there is no limit to the amount of fraud to which Defendant may have

21 | exposed Representative Plaintiff and Class Members.

22 | 71. And data breaches are preventable.[7] As Lucy Thompson wrote in the DATA BREACH

23 | AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have

24 | been prevented by proper planning and the correct design and implementation of appropriate

25 |

26 |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

27 | [6] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:*
http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).
28 | [7] Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in*
DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)

1  security solutions."[8] She/he/they added that "[o]rganizations that collect, use, store, and share

2  sensitive personal data must accept responsibility for protecting the information and ensuring that

3  it is not compromised . . . ."[9]

4       72.    "Most of the reported data breaches are a result of lax security and the failure to

5  create or enforce appropriate security policies, rules, and procedures ... Appropriate information

6  security controls, including encryption, must be implemented and enforced in a rigorous and

7  disciplined manner so that a *data breach never occurs*."[10]

8       73.    Here, Defendant knew of the importance of safeguarding PII and financial

9  information and of the foreseeable consequences that would occur if Representative Plaintiff's and

10  Class Members' PII and financial information was stolen, including the significant costs that

11  would be placed on Representative Plaintiff and Class Members as a result of a breach of this

12  magnitude. As detailed above, Defendant is a large, sophisticated organization with the resources

13  to deploy robust cybersecurity protocols. It knew, or should have known, that the development and

14  use of such protocols were necessary to fulfill its statutory and common law duties to

15  Representative Plaintiff and Class Members. Its failure to do so is, therefore, intentional, willful,

16  reckless and/or grossly negligent.

17       74.    Defendant disregarded the rights of Representative Plaintiff and Class Members by,

18  *inter alia*, (i) intentionally, willfully, recklessly, and/or negligently failing to take adequate and

19  reasonable measures to ensure that its network servers were protected against unauthorized

20  intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and

21  training practices in place to adequately safeguard Representative Plaintiff's and Class Members'

22  PII and/or financial information; (iii) failing to take standard and reasonably available steps to

23  prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an

24  unreasonable duration of time; and (v) failing to provide Representative Plaintiff and Class

25  Members prompt and accurate notice of the Data Breach.

26

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

27  [8]  *Id.* at 17.

28  [9]  *Id.* at 28.
    [10] *Id.*

**FIRST CAUSE OF ACTION**
**Negligence**

75.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

76.     At all times herein relevant, Defendant owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and financial information and to use commercially reasonable methods to do so. Defendant took on this obligation upon accepting and storing the PII and financial information of Representative Plaintiff and Class Members in its computer systems and on its networks.

77.     Among these duties, Defendant was expected:

    a.     to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and financial information in its possession;

    b.     to protect Representative Plaintiff's and Class Members' PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

    c.     to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

    d.     to promptly notify Representative Plaintiff and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PII and financial information.

78.     Defendant knew, or should have known, that the PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendant owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

79.     Defendant knew, or should have known, of the risks inherent in collecting and storing PII and financial information, the vulnerabilities of its data security systems, and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

80.     Defendant knew, or should have known, that its data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PII and financial information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

81. Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PII and financial information it stored.

82. Defendant breached its duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiff and Class Members.

83. Because Defendant knew that a breach of its systems could damage millions of individuals, including Representative Plaintiff and Class Members, Defendant had a duty to adequately protect its data systems and the PII and financial information contained thereon.

84. Representative Plaintiff's and Class Members' willingness to entrust Defendant with its PII and financial information was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect it systems and the PII and financial information it stored thereon from attack. Thus, Defendant had a special relationship with Representative Plaintiff and Class Members.

85. Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Representative Plaintiff's and Class Members' PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant and Representative Plaintiff and/or the remaining Class Members.

86. Defendant breached its general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

    a.    by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiff and Class Members;

    b.    by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PII and financial information had been improperly acquired or accessed;

    c.    by failing to adequately protect and safeguard the PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII and financial information;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

    d.    by failing to provide adequate supervision and oversight of the PII and financial information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third-party to gather PII and financial information of Representative Plaintiff and Class Members, misuse the PII and intentionally disclose it to others without consent.

    e.    by failing to adequately train their employees to not store PII and financial information longer than absolutely necessary;

    f.    by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PII and financial information;

    g.    by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

    h.    by failing to encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

87.    Defendant's willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

88.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

89.    The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PII and financial information to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII and financial information.

90.    Defendant breached its duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting nearly two months after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendant has not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continue to breach its disclosure obligations to Representative Plaintiff and Class Members.

91.     Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendant prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to secure its PII and financial information.

92.     There is a close causal connection between Defendant's failure to implement security measures to protect the PII and financial information of Representative Plaintiff and Class Members and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PII and financial information was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII and financial information by adopting, implementing, and maintaining appropriate security measures.

93.     Defendant's wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

94.     The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

95.     Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect PII and financial information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

96.     Defendant violated 15 U.S.C. § 45 by failing to use reasonable measures to protect PII and financial information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of PII and financial information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

97.     As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer injury, including but not

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII and financial

2    information is used; (iii) the compromise, publication, and/or theft of their PII and financial

3    information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery

4    from identity theft, tax fraud, and/or unauthorized use of their PII and financial information; (v)

5    lost opportunity costs associated with effort expended and the loss of productivity addressing and

6    attempting to mitigate the actual and future consequences of the Data Breach, including but not

7    limited to, efforts spent researching how to prevent, detect, contest, and recover from

8    embarrassment and identity theft; (vi) the continued risk to their PII and financial information,

9    which may remain in Defendant's possession and is subject to further unauthorized disclosures so

10   long as Defendant fails to undertake appropriate and adequate measures to protect Representative

11   Plaintiff's and Class Members' PII and financial information in its continued possession; (vii) and

12   future costs in terms of time, effort, and money that will be expended to prevent, detect, contest,

13   and repair the impact of the PII and financial information compromised as a result of the Data

14   Breach for the remainder of the lives of Representative Plaintiff and Class Members.

15         98.    As a direct and proximate result of Defendant's negligence and negligence *per se*,

16   Representative Plaintiff and Class Members have suffered and will continue to suffer other forms

17   of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy,

18   and other economic and non-economic losses.

19         99.    Additionally, as a direct and proximate result of Defendant's negligence and

20   negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer the

21   continued risks of exposure of their PII and financial information, which remain in Defendant's

22   possession and are subject to further unauthorized disclosures so long as Defendant fails to

23   undertake appropriate and adequate measures to protect the PII and financial information in its

24   continued possession.

25

26

**SECOND CAUSE OF ACTION**
**Breach of Contract**

27         100.   Each and every allegation of the preceding paragraphs is incorporated in this cause

28   of action with the same force and effect as though fully set forth herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1      101.    Through its course of conduct, Defendant, Representative Plaintiff, and Class

2  Members entered into implied contracts for Defendant to implement data security adequate to

3  safeguard and protect the privacy of Representative Plaintiff's and Class Members' PII and

4  financial information.

5      102.    As part of this contract, Defendant required Representative Plaintiff and Class

6  Members to provide and entrust to Defendant, *inter alia*, names, addresses, account numbers,

7  credit scores, and/or Social Security numbers.

8      103.    Defendant solicited and invited Representative Plaintiff and Class Members to

9  provide their PII and financial information as part of Defendant's regular business practices.

10  Representative Plaintiff and Class Members accepted Defendant's offers and provided their PII

11  and financial information thereto.

12      104.    Representative Plaintiff and Class Members provided and entrusted their PII and

13  financial information to Defendant. In so doing, Representative Plaintiff and Class Members

14  entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect

15  such non-public information, to keep such information secure and confidential, and to timely and

16  accurately notify Representative Plaintiff and Class Members if their data had been breached,

17  compromised, or stolen.

18      105.    A meeting of the minds occurred when Representative Plaintiff and Class Members

19  agreed to and did provide their PII and financial information to Defendant, in exchange for,

20  amongst other things, the protection of their PII and financial information.

21      106.    Representative Plaintiff and Class Members fully performed their obligations under

22  the implied contracts with Defendant.

23      107.    Defendant breached the implied contracts it made with Representative Plaintiff and

24  Class Members by failing to safeguard and protect their PII and financial information and by

25  failing to provide timely and accurate notice to them that their PII and financial information was

26  compromised as a result of the Data Breach.

27      108.    Alternatively, Representative Plaintiff and Class Members were third-party

28  beneficiaries of contracts between Defendant and other third-party entities.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    109.   Defendant entered contracts with third parties to collect money owed to those third

2    parties by Class Members. Upon information and belief, Representative Plaintiff alleges that these

3    contracts included promises to keep Representative Plaintiff's and Class Members' information

4    secure. As such, Representative Plaintiff and Class Members were intended beneficiaries of this

5    contract with a vested right to have their data kept secure.

6    110.   Representative Plaintiff alleges that Defendant breached these contractual duties to

7    Representative Plaintiff and Class Members by providing by failing to keep their information

8    secure. This ultimately resulted in the Data Breach and injuries Representative Plaintiff and Class

9    Members suffered in connection therewith.

10    111.   Representative Plaintiff and Class Members were intended, third-party

11    beneficiaries of implied contracts which included promises to implement data security adequate to

12    safeguard and protect the privacy of Representative Plaintiff's and Class Members' PII and

13    financial information.

14    112.   As a direct and proximate result of Defendant's above-described breach of contract,

15    Representative Plaintiff and Class Members have suffered (and will continue to suffer) (a)

16    ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in

17    monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in

18    monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data;

19    (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other

20    economic and non-economic harm.

21

22                          **THIRD CAUSE OF ACTION**
                  **Violation of the Washington State Consumer Protection Act**
23                            **(RCW 19.86.010 *et seq.*)**

24    113.   Each and every allegation of the preceding paragraphs is incorporated in this cause

25    of action with the same force and effect as though fully set forth herein.

26    114.   Representative Plaintiff and Class Members further bring this cause of action,

27    seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of

28    herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    115.   Defendant has engaged in unfair competition within the meaning of the Washington

2  State Consumer Protection Act, RCW 19.86.010 (the "CPA") because its conduct was/is unlawful,

3  unfair, deceptive, and/or fraudulent, as herein alleged.

4    116.   Representative Plaintiff, the Class Members, and Defendant are each a "person" or

5  "persons" within the meaning of RWC 19.86.010(1).

6    117.   The knowing conduct of Defendant, as alleged herein, constitutes an unlawful,

7  deceptive, and/or fraudulent business practice, as set forth in the CPA. Specifically, Defendant

8  conducted business activities while failing to comply with the legal mandates cited herein. Such

9  violations include, but are not necessarily limited to:

10           a.   failure to maintain adequate computer systems and data security practices
11                to safeguard PII and financial information;

12           b.   failure to disclose that its computer systems and data security practices were
                  inadequate to safeguard PII and financial information from theft;

13           c.   failure to timely and accurately disclose the Data Breach to Representative
14                Plaintiff and Class Members;

15           d.   continued acceptance of PII and financial information and storage of other
                  personal information after Defendant knew or should have known of the
                  security vulnerabilities of the systems that were exploited in the Data
16                Breach; and

17           e.   continued acceptance of PII and financial information and storage of other
                  personal information after Defendant knew or should have known of the
18                Data Breach and before they allegedly remediated the Data Breach.

19

20    118.   Defendant knew, or should have known, that its computer systems and data security

21  practices were inadequate to safeguard the PII and financial information of Representative Plaintiff

22  and Class Members, deter hackers, and detect a breach within a reasonable time, and that the risk

23  of a data breach was highly likely.

24    119.   In engaging in these unlawful business practices, Defendant has enjoyed an

25  advantage over its competition and a resultant disadvantage to the public and Class Members.

26    120.   Defendant's knowing failure to adopt policies in accordance with and/or adhere to

27  these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as

2  set forth in Washington's CPA.

3      121.   Defendant has clearly established a policy of accepting a certain amount of

4  collateral damage, as represented by the damages to Representative Plaintiff and Class Members

5  herein alleged, as incidental to its business operations, rather than accept the alternative costs of

6  full compliance with fair, lawful, and honest business practices ordinarily borne by responsible

7  competitors of Defendant and as set forth in legislation and the judicial record.

8      122.   Representative Plaintiff and Class Members request that this Court enter such

9  orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful,

10 and/or deceptive practices and to restore to Representative Plaintiff and Class Members any money

11 Defendant acquired by unfair competition, including restitution and/or equitable relief, including

12 disgorgement of ill-gotten gains, refunds of moneys, interest, reasonable attorneys' fees, and the

13 costs of prosecuting this class action, as well as any and all other relief that may be available at law

14 or equity.

15

16                                    **RELIEF SOUGHT**

17      **WHEREFORE,** Representative Plaintiff, individually, as well as on behalf of each

18 member of the proposed Class(es), respectfully requests that the Court enter judgment in

19 Representative Plaintiff's favor and for the following specific relief against Defendant as follows:

20      1.     That the Court declare, adjudge, and decree that this action is a proper class action

21 and certify the proposed class and/or any other appropriate subclasses under Washington Civil

22 Rule 23;

23      2.     For an award of damages, including actual, nominal, consequential, statutory, and

24 punitive damages, as allowed by law in an amount to be determined;

25      3.     That the Court enjoin Defendant, ordering it to cease and desist from unlawful

26 activities in further violation of Washington's Consumer Protection Act, RCW 19.86.010 *et seq*.

27      4.     For equitable relief enjoining Defendant from engaging in the wrongful conduct

28 complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Class Members' PII and financial information, and from refusing to issue prompt, complete, and

2  accurate disclosures to Representative Plaintiff and Class Members;

3       5.     For injunctive relief requested by Representative Plaintiff and Class Members,

4  including but not limited to, injunctive and other equitable relief as is necessary to protect the

5  interests of Representative Plaintiff and Class Members, including but not limited to an Order:

6         a.     prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

8         b.     requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

10         c.     requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII and financial information;

12         d.     requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

14         e.     prohibiting Defendant from maintaining Representative Plaintiff's and Class Members' PII and financial information on a cloud-based database;

16         f.     requiring Defendant to segment data by creating firewalls and access controls so that, if one area of Defendant's networks are compromised, hackers cannot gain access to other portions of Defendant's systems;

18         g.     requiring Defendant to conduct regular database scanning and securing checks;

19         h.     requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII and financial information, as well as protecting the PII and financial information of Representative Plaintiff and Class Members;

23         i.     requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting PII and financial information;

26         j.     requiring Defendant to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendant's networks for internal and external threats, and assess whether monitoring tools are properly configured, tested, and updated;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    k.    requiring Defendant to meaningfully educate all Class Members about the
2          threats that they face as a result of the loss of their confidential personal
           identifying information to third parties, as well as the steps affected
3          individuals must take to protect themselves.

4    6.    For prejudgment interest on all amounts awarded, at the prevailing legal rate;

5    7.    For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

6    8.    For all other Orders, findings, and determinations sought in this Complaint.

7

8                                    **JURY DEMAND**

9         Representative Plaintiff, individually and on behalf of the Plaintiff Class, hereby demands

10   a trial by jury for all issues triable by jury.

11

12   Dated: November 30, 2022          By:
                                       Mark J. Hilliard, Esq., WSBA # 47138
13                                     **BROTHERS SMITH LLP**
                                       2033 N. Main Street, Suite 720
14                                     Walnut Creek, CA 94596
                                       Telephone:     (925) 944-9700
15                                     Facsimile:     (925) 944-9701
                                       Email:  mhilliard@brotherssmithlaw.com
16

17

18                                     Scott Edward Cole, Esq. (CA S.B. #160744) *
                                       Laura Van Note, Esq. (CA S.B. #310160) *
19                                     Cody Alexander Bolce, Esq. (CA S.B. #322725) *
                                       **COLE & VAN NOTE**
20                                     555 12ᵗʰ Street, Suite 1725
                                       Oakland, California 94607
21                                     Telephone:     (510) 891-9800
                                       Facsimile:     (510) 891-7030
22                                     Email:  sec@colevannote.com
                                       Email:  lvn@colevannote.com
23                                     Email:  cab@colevannote.com

24

25        Attorneys for Representative Plaintiff
26        * (Pro Hac Vice forthcoming)

27

28