1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA FUGATT, Individually | NO. |
| Plaintiffs, | DEFENDANT REED MANAGEMENT LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441(b) (FEDERAL QUESTION, DIVERSITY) |
| vs. | |
| REED GROUP MANAGEMENT LLC and CATHOLIC HEALTH INITIATIVES d/b/a HARRISON MEDICAL CENTER SILVERDALE, | (CLERK'S ACTION REQUIRED) |
| Defendants. | |

TO:         The Honorable Judges of the United States District Court of the Western District of Washington;

AND TO:     Maria Fugatt, Plaintiff and Chalmers C. Johnson, Counsel for Plaintiff

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant Reed Group Management LLC ("Defendant" or "Reed Group") hereby removes the above-captioned action from the Kitsap County Superior Court on the grounds of federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1367, 1332(a), and 1441(b).

The following statement is submitted pursuant to 28 U.S.C. § 1446(a) and signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEF'S NTC REMOVAL - Page 1

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## I.      THE REMOVED CASE

1.       An action was commenced by Plaintiff in Kitsap County Superior Court against Defendant and Catholic Health Initiatives d/b/a Harrison Medical Center Silverdale, designated Case Number No. 20-2-00357-18 ("State Court Action").

2.       On February 13, 2020, Plaintiff filed her Complaint with the Kitsap County Superior Court.  Defendant was served with a copy of the same on March 31, 2020 (**Exhibit A**).

3.       On March 29, 2020, Defendant's Counsel notified Plaintiff's counsel that Plaintiff had named the incorrect Defendant.  Reed Group was the correct Defendant, not Reed Group LTD.

4.       On April 12, 2020, Plaintiff's attorney emailed Defendant's Counsel a copy of the Amended Complaint, Summons, Acceptance of Service, correcting Reed Group LTD to Reed Group Management LLC, for Defendant's review and approval. On April 13, 2020, Defendant accepted service of the Amended Complaint (**Exhibit B**).

5.       In her Amended Complaint, Plaintiff alleges that she was injured at her place of employment, denied leave under the Family Medical Leave Act ("FMLA"), and retaliated against for applying for FMLA leave.  She alleges violations of FMLA, 29 U.S.C. 2601; Family Leave Act ("FLA") RCW 49.78.300; Wrongful Termination in Violation of RCW 51.48.025; Age Discrimination under RCW 49.60180; and Premise Liability Negligence against Defendant Catholic Health Initiatives ("CHI").  Plaintiff is alleging Negligence against Defendant Reed Group and Defendant CHI related to the process associated with Plaintiff's requested leave. *See* Amended Complaint, ¶¶ 3.3-9.9.

## II.      PROCEDURAL REQUIREMENTS

7.       Defendant has thirty (30) days from the date of service or receipt of a copy of a pleading setting forth a removable claim to remove a case. 28 U.S.C. § 1446(b). Where removability is uncertain from the face of the pleading, the 30-day period is measured from the

DEF'S NTC REMOVAL - Page 2

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

point at which defendant had notice that the actions is removable. *Id*. The determination of whether removability is uncertain is based solely on an examination of the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Defendant was served on March 31, 2020. This Notice of Removal is timely filed within thirty (30) days of service.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are attached as **Exhibits A – C**.

9.      Pursuant to 28 U.S.C. § 1446(d) and affirmed in the attached Certificate of Service, written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after the filing of the same in this Court.

10.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Kitsap County Superior Court.

11. Pursuant to 28 U.S.C. § 1446(b)(2), all defendants must consent to the removal. Consent is not required from a party that has not yet been served. *Transport Indem. Co. v. Financial Trust Co.*, 339 F. Supp. 405 (C.D. Cal. 1972). Upon information and belief, Defendant CHI has not been served.[1] Defendant's counsel has requested confirmation from Plaintiff's counsel on the status of service but has received no response. **Exhibit D**.

12.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

13.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii)

---

[1] As described *infra*, on information and belief, CHI changed its name effective January 1, 2019, to CommonSpirit Health.

DEF'S NTC REMOVAL - Page 3

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.      JURISDICTIONAL STATEMENT

14.      JURISDICTION: This action is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28. U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 and raises a federal question.

15.      INTRADISTRICT ASSIGNMENT: Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Western District of Washington because this district embraces the place in which the removed action, filed in Kitsap County Superior Court Case No. 20-2-00357-18, has been pending.

### V.      FEDERAL QUESTION EXISTS

16.      In the Amended Complaint, Plaintiff alleges that Defendant CHI violated the Family Medical Leave Act, 29 § U.S.C. 2601.  *See* Amended Complaint, § IV.  Plaintiff also alleges state law violations of the Family Leave Act ("FLA") RCW 49.78.300; Wrongful Termination in Violation of RCW 51.48.025; Age Discrimination under RCW 49.60180; and Premise Liability Negligence against Defendant CHI.  Plaintiff is alleging Negligence against Defendant Reed Group and Defendant CHI related to the process associated with Plaintiff's requested leave.

17.      This Court has original jurisdiction over the claim for violation of FMLA asserted in the State Court Action pursuant to 28 U.S.C. § 1331, and it may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because it seeks relief under the act.

DEF'S NTC REMOVAL - Page 4

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

18.     This Court has supplemental jurisdiction over the remaining claims asserted in the State Court Action pursuant to 28 U.S.C. § 1367, and it may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

### IV.        AMOUNT IN CONTROVERSY

19.     On information and belief, the amount at issue in this case is in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

20.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553. If the Plaintiff challenges the amount in controversy, then both sides must submit proof and the court decides, by the preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Ibarra*, 775 F.3d at 1196,

21.     In her Complaint, Plaintiff claims damages for special damages, general damages, attorneys' fees and costs. Amended Complaint, § XI. Plaintiff claims back and front pay and lost benefits, emotional distress and mental anguish, severe bodily injury, and medical expenses, among other requested relief.   *See id* .at ¶¶ 4.10, 6.6, 7.7, 8.8, 9.9. Based on Plaintiff's allegations, Defendant reasonably believes that Plaintiff will claim her damages far exceed the jurisdictional amount of $75,000.00, exclusive of interest and costs, for this Court to obtain

DEF'S NTC REMOVAL - Page 5

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

diversity jurisdiction as provided in 28 U.S.C. § 1332(a).[2]  If Plaintiff challenges the amount in controversy, Defendant reserves its right to submit proof supporting its position.

## VI.        DIVERSITY OF CITIZENSHIP EXISTS

22.     Based on information and belief, and the allegations in the Complaint, Plaintiff is a resident of the State of Washington. *See* Amended Complaint at ¶ 1.1. Under 28 U.S.C. § 1332, Plaintiff is therefore a citizen of the State of Washington for purposes of diversity jurisdiction and removal.

23.     Defendant, Reed Group, is a Limited Liability Company and was at the time of the filing of the Action, and still is, a citizen of the State of Colorado, and not a citizen of the State of Washington.

24.     Reed Group is, and has been, a corporation organized under the laws of the State of Connecticut with its principal place of business in Westminster, Colorado.

25.     On information and belief, Defendant CHI changed its name effective January 1, 2019, to CommonSpirit Health.[3]  CommonSpirit Health is a nonprofit corporation and was at the time of filing of the Action, and still is, a citizen of the State of Colorado, and not a citizen of the State of Washington.

26.     On information and belief, CommonSpirit Health is, and has been, a corporation organized under the laws of the State of Colorado, with its principal place of business in Chicago, Illinois.

27.     A limited liability company (LLC) is a citizen of every State of which its owners/members are citizens. *See Johnson v. Columbia Props.*, 437 F.3d 894 (9th Cir 2006). Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the State of its incorporation and the

---

[2] Defendant's counsel contacted Plaintiff's counsel requesting confirmation on the amount in controversy but has not received a response.  **Exhibit E.**
[3] **Exhibit F**.

DEF'S NTC REMOVAL - Page 6

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

State where it has its principal place of business. Therefore, Defendant Reed Group is a citizen of Colorado and Connecticut and Defendant CHI is a citizen of Colorado and Illinois for purposes of diversity jurisdiction and removal.

28.     Complete diversity of Citizenship exists because Plaintiff is a citizen of Washington while Defendants are not citizens of Washington.

## VI.     CONCLUSION

Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Washington, (ii) there exists federal question; (iii) the action is between citizens of different states, and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant request that the State Court Action be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367 and §1441.

Dated:  April 30, 2020

GORDON REES SCULLY MANSUKHANI, LLC

By:_____
   Nicole E. Demmon, WSBA #:  45322

Attorneys for Defendant Reed Group
Management LLC.
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5115
Fax: (206) 689-2822

DEF'S NTC REMOVAL - Page 7

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1

<u>**CERTIFICATE OF SERVICE**</u>

2

     I certify under penalty of perjury under the laws of the United States that I am over the

3

age of 18, and on this date, I caused a copy of the foregoing to be filed with the CM/ECF filing

4

system and served via email and US mail on:

5

     Chalmers C. Johnson, WSBA #40180
     GSJones Law Group, P.S.

6

     1155 Bethel Avenue
     Port Orchard, WA  98366

7

     Tel: 360-876-9221
     chalmers@jsjoneslaw.com

8

     *Attorneys for Plaintiff*

9

     I declare under penalty of perjury under the laws of the United States that the above is

10

true and correct.

11

     DATED this 30th day of April, 2020.

12

13

     By:    *s/Dorothy Brooks*

14

     Dorothy Brooks, Legal Assistant
     dbrooks@grsm.com

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE** – Page 1

**GORDON REES SCULLY MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 274-9545
Facsimile :  (503) 616-3600